IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Tyrone Perry, #307793, | ) | C/A No.: 1:19-3364-BHH-SVH |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER AND NOTICE |
| Scott Lewis, | ) | |
| Respondent. | ) | |

Tyrone Perry ("Petitioner"), proceeding pro se and in forma pauperis, filed this petition pursuant to 28 U.S.C. § 2254 against Perry Correctional Institution's Warden, Scott Lewis ("Respondent"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Petitioner is a state prisoner incarcerated at Perry Correctional Institution. [ECF No. 9 at 1]. He brings this petition for a writ of habeas corpus challenging a September 20, 2018 prison disciplinary proceeding whereby he was convicted of fighting without a weapon. *Id.*

Petitioner alleges he is entitled to additional due process safeguards because he is a mentally ill inmate. *Id.* at 5. He specifically maintains he was

not seen by a qualified mental health professional within three days of the issuance of the incident report in the disciplinary proceeding. *Id.* He claims South Carolina Department of Corrections ("SCDC") officials engaged in fraud and obtained a conviction through violations of policy, statute, and the Constitution. *Id.* at 5.

Petitioner further maintains his case was not tried by an impartial hearing officer. *Id.* at 7. He claims the hearing officer refused to call witnesses on his behalf without explanation and concluded without sufficient evidence that he provoked the incident. *Id.* He maintains the other individual assaulted him. *Id.* at 8. He claims he was discriminated against based on his race. *Id.* at 10.

Petitioner claims he filed an institutional grievance alleging violations of due process and equal protection and appeals in the South Carolina Administrative Law Court, the South Carolina Court of Appeals, and the South Carolina Supreme Court that were all dismissed. *Id.* at 2–5. He alleges he was denied the ability to participate in appellate proceedings because of his indigent status. *Id.* at 5, 7, 9, 10.

Petitioner states he had no prior violent disciplinary infractions prior to the conviction for fighting without a weapon.[1] *Id.* at 8. He requests the court

---

[1] Petitioner states "SCDC is about to enforce a new classification policy and in 15 years I have no violent disciplinaries," but he provides no further

2

"vacate and overturn this violent charge of fighting without a weapon." *Id.* at 15.

II. Discussion

    A.    Standard of Review

Under established local procedure in this judicial district, this petition has been carefully reviewed pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a

---

explanation as to how the alleged new policy would affect him. *See* ECF No. 9 at 8.

3

claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Court Lacks Jurisdiction Under 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Although Petitioner challenges the actions in his prison disciplinary proceedings as violating his Fourteenth Amendment rights to due process and equal protection of the laws, he has not alleged those actions resulted in or prolonged his period of incarceration. A review of Petitioner's disciplinary actions on SCDC's website[2] reveals he received no reduction in good time credit as a result of the incident in question. *See* South Carolina Department of Corrections, Inmate Search, https://public.doc.state.sc.us/scdc-public/ (last visited Dec. 12, 2019). It specifies Petitioner received loss of telephone privileges for 30 days for the August 22, 2018 offense of fighting without a weapon. *See id.* Petitioner also attached to his original petition an Order of

---

[2] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (finding that court may "properly take judicial notice of matters of public record").

4

Dismissal from the Administrative Law Court, which states "[t]he SCDC decision indicates that Appellant was not sanctioned any accrued good time." [ECF No. 1-1 at 2].

"Petitioner is not entitled to habeas relief from this Court under the facts presented because he did not lose any good time credits as a result of the disciplinary action imposed, and the conviction at issue has also not necessarily effected the duration of his sentence." *Smalls v. Warden*, C/A No. 9:16-639-JMC-BM, 2016 WL 11200993, at *3 (D.S.C. Sept. 28, 2016), *Report and Recommendation adopted by* 2017 WL 892576 (D.S.C. Mar. 7, 2017); *see also Slappy v. Bazzle*, C/A No. 0:05-14-DCN, 2005 WL 6139235, at *2 (D.S.C. Nov. 21, 2005) (providing "even assuming Petitioner could set aside the alleged discriminatory disciplinary action complained about, it would have no effect on the duration of his sentence because he did not lose any good time credits as a result of the disciplinary action imposed") (citing *Dixon v. Hastings*, C/A No. 04-40346, 117 Fed. App'x 371, 372 (5th Cir. 2005) (indicating where alleged acts of retaliation have not extended the duration of a petitioner's sentence, he is not entitled to habeas relief); *Cannon v. Dretke*, C/A No. 02-1864, 2005 WL 562678 (N.D. Tex. Mar. 9, 2005) ("Because Petitioner has alleged no loss of good-time credits or denial of eligibility for release on mandatory supervision, he has stated no due process violation cognizable under 28 U.S.C. § 2254."),

*Report and Recommendation adopted by* 2005 WL 724473 (N.D. Tex. Mar. 30, 2005)).

Because it appears the challenged disciplinary action had no effect on the duration of Petitioner's sentence, the petition is subject to summary dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 2254.

      2.      Insufficient Allegations Under 42 U.S.C. § 1983

Because Petitioner alleges violations of his rights to due process and equal protection under the Fourteenth Amendment, the undersigned has considered whether the case may properly be brought pursuant to 42 U.S.C. § 1983. A review of Petitioner's amended complaint (ECF No. 9) shows no valid constitutional claim under 42 U.S.C. § 1983. Petitioner lost telephone privileges for 30 days as a result of the disciplinary action. *See* South Carolina Department of Corrections, Inmate Search, https://public.doc.state.sc.us/scdc-public/ (last visited Dec. 12, 2019). A loss of telephone privileges for 30 days does not rise to the level of a constitutional violation. *See Mabe v. Berrios*, C/A No. 6:15-2573-RBH, 2017 WL 1135267, at *2 (D.S.C. Mar. 27, 2017) (providing "the loss of telephone privileges for 45 days does not amount to a constitutional violation") (citing *U.S. v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (no constitutional right to the use of a telephone in prison); *Hadley v. Peters*, No. 94-1267, 1995 WL 675990, at *8 (7th Cir. 1995) ("The denial of telephone privileges for ten days is not a matter of constitutional

6

dimension."); *Joyner v. Ozmint*, C/A No. 3:09-2524-DCN-JRM, 2010 WL 3783167, at *4 (D.S.C. Sept. 22, 2010) (no protected life, liberty, or property interest in using telephone); *May v. Baldwin*, 895 F. Supp. 1398, 1409 (D. Ore. 1995) (brief suspension of television and telephone privilege does not amount to constitutional violation)).

Therefore, to the extent the petition may be construed as a complaint for a violation of constitutional rights under 42 U.S.C. § 1983, it is subject to summary dismissal, as the harm suffered by Petitioner does not rise to the level of a constitutional violation.

## NOTICE CONCERNING AMENDMENT

Petitioner may attempt to correct the defects in his petition by filing an amended petition or a complaint by **January 3, 2020**, along with any appropriate service documents. Petitioner is reminded an amended petition or complaint replaces the original petition and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Petitioner files an amended petition or complaint, the undersigned will conduct screening of the amended petition or complaint pursuant to 28 U.S.C. § 1915A. If Petitioner fails to file an amended petition or complaint or fails to cure the

deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

December 13, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge