IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Tyrone Perry, #307793, | Case No.: 1:19-cv-3364-SAL |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Scott Lewis, | |
| Respondent. | |

This matter is before the Court for review of the January 24, 2020 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommends the district court dismiss the amended petition with prejudice and without requiring Respondent to file a return. [ECF No. 20]. Plaintiff timely filed objections to the Report. [ECF No. 22]. For the following reasons, the Court adopts the Report as modified by this Order.

## BACKGROUND

In the Report, the Magistrate Judge describes the factual and procedural background of this case and the Petitioner's allegations fully and in detail. *See* [ECF No. 20 pp. 1-3]. The Court adopts this background in full without restating and incorporates the background section by reference.[1]

---

[1] Petitioner did not object to the factual and procedural background. *See* [ECF No. 22].

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner's specific objections are as follows:

> 1. Petitioner objects to the Magistrate Judge's conclusion that Petitioner no longer intends to pursue this matter.
>
> 2. Petitioner objects to the Magistrate Judge's finding that Petitioner provides no explanation as to how the alleged new SCDC classification policy would affect him.
>
> 3. Petitioner objects to the Magistrate Judge's finding that Petitioner fails to allege his allegedly unconstitutional disciplinary proceeding resulted in or prolonged his period of incarceration.

[ECF No. 20 pp.1-2]. The Court will review these portions of the Report *de novo*.[2,3]

## DISCUSSION

**I.    The Court Finds Petitioner Intends to Pursue this Matter and Declines to Dismiss the Case for Failure to Prosecute**

Based on the Petitioner's failure to respond to the court's December 13, 2019 order, the Magistrate Judge concluded that he did not intend to pursue this matter. [ECF No. 20 p.2]. Accordingly, the Magistrate Judge recommended dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41. *Id.* However, the Petitioner filed timely objections to the Report. [ECF No.

---

[2] Petitioner objects to "lines 6, 7, and 8 of page one" of the Report and the conclusion on page 9. [ECF No. 22 pp.1,3]. These portions of the Report only state the Magistrate Judge's conclusion recommending dismissal. [ECF No. 20 pp.1,9]. These objections do not "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Dunlap*, 2017 WL 6345402, at *5 n.6. This nonspecific objection has the same effect as would a failure to object. *Staley*, 2007 WL 821181, at *1.

[3] Petitioner objects to the Magistrate Judge's analysis under 42 U.S.C. § 1983 but only to clarify that he does not bring this action under §1983. *See* [ECF No. 22 p.3]. The Court appreciates Petitioner's clarification and the § 1983 analysis in the Report is moot.

3

22]. The Court finds this filing sufficient to conclude that Petitioner does intend to pursue this matter. Therefore, the Court will address the merits.

## II. Petitioner Fails to Allege the Disciplinary Proceeding at Issue would Affect the Duration of his Sentence under SCDC's Alleged New Classification Policy

The Magistrate Judge found: "Petitioner states 'SCDC is about to enforce a new classification policy and in 15 years I have no violent disciplinaries,' but he provides no further explanation as to how the alleged new policy would affect him." [ECF No. 20 p.3 n.1]. Petitioner offers an explanation in his objection. *See* [ECF No. 22 p.1]. Petitioner contends the new SCDC policy will classify inmates based on their conduct while incarcerated rather than the conduct that led to their incarceration. *Id.* Petitioner states the challenged disciplinary action was his first violent offense while incarcerated, which would subject him to a less favorable classification under the alleged new policy. *Id.*

To state a viable claim for habeas relief from this Court, Petitioner must allege his prison disciplinary proceeding resulted in or prolonged his period of incarceration. *See Burks v. S.C. Dep't of Corr.*, C/A No. 1:20-3153-DCN-SVH, 2020 WL 5250514, at *2 (D.S.C. Sept. 3, 2020) ("Although Plaintiff challenges the actions in his prison disciplinary proceedings as violating his constitutional rights, he has not alleged those actions resulted in or prolonged his period of incarceration."); *see also Smalls v. Warden,* C/A No. 9:16-639-JMC-BM, 2016 WL 11200993, at *3 (D.S.C. Sept. 28, 2016) ("Petitioner is not entitled to habeas relief from this Court under the facts presented because he did not lose any good time credits as a result of the disciplinary action imposed, and the conviction at issue has also not necessarily effected the duration of his sentence."), *Report and Recommendation adopted by* 2017 WL 892576 (D.S.C. Mar. 7, 2017); *Slappy v. Bazzle,* C/A No. 0:05-14-DCN, 2005 WL 6139235, at *2 (D.S.C. Nov. 21, 2005) ("[E]ven assuming Petitioner could set aside the alleged discriminatory disciplinary action

4

complained about, it would have no effect on the duration of his sentence because he did not lose any good time credits as a result of the disciplinary action imposed."); *Dixon v. Hastings,* C/A No. 04-40346, 117 Fed. App'x 371, 372 (5th Cir. 2005) (indicating where alleged acts of retaliation have not extended the duration of a petitioner's sentence, he is not entitled to habeas relief); *Cannon v. Dretke,* C/A No. 02-1864, 2005 WL 562678 (N.D. Tex. Mar. 9, 2005) ("Because Petitioner has alleged no loss of good-time credits or denial of eligibility for release on mandatory supervision, he has stated no due process violation cognizable under 28 U.S.C. § 2254."), *Report and Recommendation adopted by* 2005 WL 724473 (N.D. Tex. Mar. 30, 2005).

Here, Petitioner alleges that, under SCDC's new policy, his challenged disciplinary proceeding will result in his classification as a "violent" inmate. [ECF No. 22 p.1]. Petitioner worries SCDC will assign him a violent roommate based on this classification, which could result in altercations that would increase his sentence. *Id.* In other words, Petitioner alleges a violent classification *could* lead to being assigned a violent roommate, which *could* lead to an altercation, which *could* increase his sentence. This attenuated hypothetical scenario is insufficient to allege the challenged disciplinary proceeding will *necessarily* affect the duration of Petitioner's sentence. Accordingly, Petitioner is not entitled to habeas relief on this ground and his objection is overruled.

### III. Petitioner Fails to Allege the Disciplinary Proceeding at Issue Affects the Duration of his Sentence

The Magistrate Judge concluded that Petitioner failed to allege his disciplinary action resulted in or prolonged his sentence. [ECF No. 20 p.6]. Petitioner objects, stating that his disciplinary action resulted in 60 days cell restriction. [ECF No. 22 p.2]. Once again, to state a viable claim for habeas relief from this Court, Petitioner must allege his prison disciplinary proceeding resulted in or prolonged his period of incarceration. *E.g., Burks*, 2020 WL 5250514, at *2. Petitioner's allegation that he received 60 days cell restriction does not show the disciplinary action resulted

in or prolonged his sentence. While Petitioner alleges the disciplinary action resulted in a change of the conditions of his confinement, he does not allege that he lost any good time credits or that the disciplinary action necessarily effected the *duration* of his sentence. *See Smalls* 2016 WL 11200993, at *3. Accordingly, Petitioner is not entitled to habeas relief on this ground and his objection is overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 20, as modified and incorporates it by reference herein. For the foregoing reasons, the amended petition is DISMISSED with prejudice and without requiring Respondent to file a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

April 13, 2021  /s/Sherri A. Lydon
Florence, South Carolina  Sherri A. Lydon
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."